IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:13-CV-0959-D |
| VS. | § | |
| | § | |
| KELVIN GRAVES, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| BIG DOG GROUP, INC. d/b/a BIG DOG LOGISTICS, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

In this declaratory judgment action brought by plaintiff-counterdefendant Evanston Insurance Company ("Evanston'"), Evanston moves to dismiss the second counterclaim for attorney's fees of defendant-counterplaintiff Big Dog Group, Inc. d/b/a Big Dog Logistics ("Big Dog"). Big Dog has not responded to the motion, and the court now grants it.[1]

In Big Dog's first amended answer, it asserts a counterclaim for attorney's fees under the Texas Declaratory Judgments Act ("TDJA"), Tex. Civ. Prac. & Rem. Code Ann.

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

§ 37.001-37.011, and Fed. R. Civ. P. 54(d). Answer ¶ 41. Big Dog also "seeks a declaration that Evanston's denial of coverage as to [Big Dog] is incorrect under Texas law." *Id.* at ¶ 42. On this basis, it asserts that an award of attorney's fees is proper because, in addition to its claim under the TDJA, it is seeking under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 *et seq*. to recover its reasonable and necessary attorney's fees and expenses incurred in prosecuting a breach of contract counterclaim against Evanston. *Id.* The court holds that Big Dog has not adequately pleaded that it is entitled to recover attorney's fees on any of these grounds, and therefore dismisses the counterclaim.

First, the TDJA does not apply in this case. Because Evanston filed this case in federal court, Big Dog's TDJA counterclaim is necessarily brought under the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202. *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 1791252, at *2 & n.2 (N.D. Tex. June 21, 2007).[2]

Second, treating Big Dog's TDJA counterclaim as one brought under the DJA, the court notes that it has the discretion whether to hear the counterclaim.[3] Evanston filed this

---

[2]Evanston does not make this argument. It contends that the TDJA does not provide a substantive right to recover attorney's fees in federal court. Without disagreeing with Evanston's position, the court opts to reject Big Dog's reliance on the TDJA based on its inapplicability in this case.

[3]As this court has explained:

> The federal Declaratory Judgment Act does not create a substantive cause of action. A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. Federal courts have broad discretion to grant

lawsuit seeking, *inter alia*, a declaratory judgment that it has no duty to defend or indemnify C&D Couriers, Inc. for Big Dog's claims. The court declines in its discretion to hear a declaratory judgment counterclaim that seeks a declaration that Evanston's denial of coverage is incorrect under Texas law, i.e., a declaratory judgment counterclaim that essentially presents the mirror image of plaintiff's declaratory judgment action.[4]

Third, Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion unless the substantive law requires the fees to be proved at trial as an element of damages.

Fourth, although Texas law provides for a recovery of attorney's fees under § 38.001 when a claim for breach of contract is proved, applying the facial plausibility jurisprudence

> or refuse declaratory judgment. Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. The DJA is an authorization, not a command. It gives federal courts the competence to declare rights, but it does not impose a duty to do so.

*Schrader-Scalf v. CitiMortgage, Inc.*, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (Fitzwater, C.J.) (quoting *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug.16, 2011) (Fitzwater, C.J.), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013)).

[4]Although the court is raising this ground for dismissal *sua sponte*, it is also allowing Big Dog to replead, so the procedure employed here is fair and is therefore permissible. *See, e.g.*, *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead).

of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court concludes that Big Dog has failed to state a breach of contract claim on which relief can be granted, and it dismisses the claim under Rule 12(b)(6). The pleadings identify two contracts, but neither is between Evanston and Big Dog. Big Dog alleges that Evanston breached a contract to which Big Dog was in privity, Answer ¶ 42, but Big Dog fails to plead factual content that allows the court to draw the reasonable inference that Big Dog was in privity with Evanston.

Accordingly, the court grants Evanston's July 19, 2013 motion to dismiss. It also gives Big Dog one more opportunity to plead a plausible counterclaim for attorney's fees, if it can do so. Big Dog may file an amended answer within 21 days of the date this memorandum opinion and order is filed. If Big Dog does not amend its answer, its counterclaim for attorney's fees—on all grounds—will stand dismissed.

**SO ORDERED**.

August 23, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE